NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JAN 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLY M. SCHOENE,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>PENELOPE CHRISTENSEN, an Oregon resident; PORTLAND HAIR EXTENSIONS BY PENELOPE, an active Oregon corporation,<br><br>        Defendants - Appellees. | No. 24-2317<br><br>D.C. No.<br>3:23-cv-00693-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted January 16, 2026[**]

Before: PAEZ, BENNETT, and SUNG, Circuit Judges.

Plaintiff Kimberly M. Schoene appeals from the district court's grant of

summary judgment dismissing her claims against Defendants, Penelope

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Christensen and Portland Hair Extensions by Penelope.  We have jurisdiction under 8 U.S.C. § 1291 and affirm.

"We review grants of summary judgment de novo." *Green v. Miss U.S., LLC*, 52 F.4th 773, 779 (9th Cir. 2022).  "Viewing the evidence in the light most favorable to [the nonmovant], we must reverse summary judgment if genuine issues of material fact remain such that [the movants] [are] not entitled to judgment as a matter of law." *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1109 (9th Cir. 1999).

1.      Plaintiff argues that the district court, in evaluating her trademark infringement and related claims under state and federal law, failed to recognize that the relevant buying public is limited primarily to women with sufficient disposable income living in the Portland area and seeking hair extensions.  Plaintiff also contends that the district court failed to take the facts alleged in the complaint in the light most favorable to her.  But it is undisputed that Plaintiff's trademark, "PDX hair extensions," is a descriptive mark protectible only if it has obtained a secondary meaning.

"Secondary meaning is a question of fact, so to survive summary judgment [Plaintiff] was required to come forward with enough evidence of secondary meaning to establish a genuine dispute of fact." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 873 (9th Cir. 2002) (internal citation omitted).

Contrary to Plaintiff's argument, the district court considered Plaintiff's assertion that the relevant buying public shopped in limited geographic and product markets. The district court also properly evaluated the evidence Plaintiff submitted in the light most favorable to her. Having done so, the district court correctly determined that Plaintiffs' evidence—consisting of a few reviews left by Plaintiff's customers and records of Plaintiff's social media marketing campaigns which were not directed specifically to consumers in the Portland area—failed to show that "more than a small set of buyers" associate the mark "PDX hair extensions" with Plaintiff's hair extensions business. *Japan Telecom*, 287 F.3d at 875. Summary judgment was therefore properly granted on Plaintiff's state and federal trademark infringement claims, as well as Plaintiff's counterfeiting claims and Lanham Act unfair competition claim. *See id.* at 873; *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) (plaintiff must show existence of "a valid, protectable trademark" to prevail on a Lanham Act unfair competition claim).

The district court also properly granted summary judgment on Plaintiff's state and federal trademark dilution claims. Because Plaintiff had failed to demonstrate secondary meaning, it followed that the mark "PDX hair extensions" is not a "famous" mark capable of being diluted. *See Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 876 (9th Cir. 1999) (noting "the overlap between the

statutory famousness considerations and the factors relevant to establishing acquired distinctiveness").

Plaintiff contends that the district court failed to credit the allegations made in her complaint. But at the summary judgment stage, Plaintiff needed to support the factual allegations made in her complaint; she could not rely on "the mere pleadings themselves." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citing Fed. R. Civ. P. 56(e)). The district court properly concluded that Plaintiff's unsupported allegations were insufficient to create a triable issue of material fact. *See id.*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

2. Plaintiff argues that the plain text of the Oregon Unfair Trade Practices Act (UTPA), Or. Rev. Stat. § 646.605 *et seq.*, provides Plaintiff with a private right of action to sue her competitors. Plaintiff also contends that the district court's analysis cited the wrong sections of the UTPA. The district court, however, correctly determined that the UTPA protects consumers, not business competitors. *Denson v. Ron Tonkin Gran Turismo, Inc.*, 566 P.2d 1177, 1179 n.4 (Or. 1977) (en banc). Because courts applying Oregon law must discern the legislature's intent, *State v. Gaines*, 206 P.3d 1042, 1050–51 (Or. 2009) (en banc), and the legislature intended the UTPA to protect consumers and not business competitors, *Denson*, 566 P.2d at 1179 n.4, the district court correctly determined that Plaintiff lacked a private right of action under the UTPA. *See also Or. Laborers-Emps. Health &*

*Welfare Tr. Fund v. Philip Morris Inc.*, 185 F.3d 957, 968 (9th Cir. 1999) (UTPA's emphasis on consumer protection "suggests that the UTPA . . . is not intended to provide a cause of action to a non-consumer that is wholly derivative of injury to consumers").[1]

3. Because Plaintiff has proceeded on appeal *pro se*, we have liberally construed Plaintiff's briefs and have considered all arguments suggested in them. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). We find that any such arguments lack merit. In particular, to the extent that Plaintiff argues that she was not afforded a reasonable time to conduct discovery, the record does not support her assertion. On September 13, 2023, the district court, on Plaintiff's motion, extended the deadline for discovery to March 11, 2024. On September 25, 2023, Plaintiff responded to Defendants' motion for summary judgment. The district court then waited until the close of discovery on March 11, 2024, to grant Defendants' motion for summary judgment. Thus, Plaintiff was afforded sufficient opportunity to conduct discovery and supplement the summary judgment record.

The district court also properly granted summary judgment on the federal unfair and deceptive trade practices claim for which Plaintiff has not identified a

---

[1] Because no provision of the UTPA provides Plaintiff with a cause of action, the district court properly granted summary judgment to Defendants on Plaintiff's UTPA claims without considering the specific sections of the statute under which Plaintiff sought to sue.

legal basis.

**AFFIRMED.**